**DAVID J. HOLDSWORTH** (4052)

9125 South Monroe Plaza Way, Suite C

Sandy, UT 84070

Telephone (801) 352-7701

Facsimile (801) 567-9960

david_holdsworth@hotmail.com

*Attorney for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| JUAN F. DUARTE, | : | **VERIFIED COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UTAH TRANSIT AUTHORITY, | : Civil No. | |
| | : | |
| Defendant. | : Hon. | |

COMES NOW the Plaintiff, Juan F. Duarte, complains of Defendant

Utah Transit Authority, files this Complaint, demands trial by jury and as and for causes

of action alleges as follows:

Plaintiff, by and through his counsel, David J. Holdsworth, files this

Complaint against the Defendant alleging violations of Title VII of the Civil Rights

Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as

amended, which provide that it is unlawful to: harass and to discriminate against an

employee in his employment on the basis of his race, color, national origin and

disability, and to retaliate against an employee for engaging in protected activity.

## I.  PARTIES

1.      At all times relevant hereto, Plaintiff Juan F. Duarte (hereinafter

"Plaintiff" or "Mr. Duarte") was a resident of the State of Utah.

2.      The entity named as Defendant herein is Utah Transit Authority.

On information and belief, Mr. Duarte alleges that, at all times relevant hereto, Utah

Transit Authority (hereinafter "Defendant" or "UTA"), was a business entity which

was doing business in Utah, and which was an "employer" within the meaning of Title

VII, which employed 15 or more employees, including Plaintiff.

3.      ???

## II.  JURISDICTION AND VENUE

4.      This action is brought pursuant to Title VII of the Civil Rights Act

of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended,

and to the extent the ADA does not apply to UTA, pursuant to the Vocational

Rehabilitation Act of 1973, as amended, for discrimination in employment and for

retaliation.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e

(5).  Equitable and other relief are also sought under 42 U.S.C. § 2000 e (5) (g).

Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1981, et. seq., and the Family and Medical Leave Act.

5.      Venue is proper in this Court in that the actions and decisions alleged herein to constitute discrimination and retaliation occurred within the federal district of Utah.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      On March 25, 2024, Mr. Duarte filed a Charge of Discrimination with the Utah Labor Commission in which he alleged that Defendant had discriminated against him on his race, color and national origin and disability.

7.      Mr. Duarte filed his Charge of Discrimination within 180/300 days from the last date of the alleged harm of early January 2024.

8.      Almost a year later, on March 18, 2025, Mr. Duarte requested the Utah Labor Commission to transfer the Charge to the Equal Employment Opportunity Commission ("EEOC").

9.      On July 23, 2025, the EEOC issued Mr. Duarte a Notice of Right to Sue.  Mr. Duarte received said Notice of Right to Sue on or about July 28, 2025.

10.      Mr. Duarte alleges he has met all jurisdictional requirements, as required by Title VII of the Civil Rights Act of 1964, as amended, the ADA and the VRA.

11.     Mr. Duarte alleges the Court may exercise jurisdiction over all non-discrete discriminatory actions constituting a continuing violation beginning before September 27, 2023/May 1, 2023, the date which is 180/300 days before Plaintiff filed his Charge of Discrimination, and continuing past September 27, 2023/May 31, 2023, over all discrete discriminatory actions occurring on or after September 27. 2023/May 31, 2023.  Plaintiff alleges the Court may treat all alleged discrete discriminatory actions occurring before this date as being untimely for purposes of relief, but may give weight to evidence of such for evidentiary purposes

## IV.  STATEMENT OF FACTS

12.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 11 above as if alleged in full herein.

13.     On October 10, 2022, UTA hired Mr. Duarte to work as bus operator (a.k.a. bus driver).

14.     During his employment with UTA, Mr. Duarte interfaced with several managers and supervisors, including Michael Barrett ("Barrett"), operation supervisor; and Jakob Jarvis ("Jarvis"), Human Resources business partner.

15.     During his employment, Mr. Duarte worked hard to be a productive and successful employee.

16. Plaintiff alleges that, on December 26, 2023, while he was driving a bus on his route, he was involved in a work incident at UTA's North Temple Station. The particulars of that incident are as follows:

      a. After Mr. Durate had parked his bus at the North Temple Station for his short lunch break, he fixed himself a sandwich and was eating the sandwich in his empty, parked bus. As he was doing so, a fellow bus driver knocked on the passenger side door of the bus and told Mr. Duarte that he (Mr. Duarte) had parked his bus in the wrong space. Mr. Duarte said he hadn't realized that he had parked his bus in a wrong space and said he would be happy to move his bus. The driver asked Mr. Duarte when he could move his bus; Mr. Duarte responded that he would do so in just a few minutes, as soon as he finished his lunch.

      b. A minute or two later, that same bus driver and another driver approached Mr. Duarte's bus again, knock loudly on the passenger side door of the bus and asked Mr. Duarte to move his bus. Mr. Duarte replied that he would move the bus as soon as he finished his lunch.

      c. At that point, the bus driver who had approached Mr. Duarte's bus again (the second time) started to make a call to the dispatch center. Mr. Duarte came to believe that this other bus driver was calling dispatch to

5

report that Mr. Duarte had parked his bus in a wrong space and was not willing to move his bus immediately from the wrong space to the right space.  The other bus driver's actions caused Mr. Duarte to become very worried and he lost his cool and he expressed his displeasure to the other bus driver because Mr. Duarte had just state he would move his bus in just a few minutes.  The other driver's act of calling dispatch <u>before</u> Mr. Duarte got upset that caused Mr. Duarte to get upset.

        d.     Mr. Duarte's explanation of his reaction to this other bus driver's provocative actions is — namely, that it was completely unnecessary for the other bus driver to call dispatch and get Mr. Duarte in trouble because Mr. Duarte had explained that he hadn't realized he had parked his bus in the wrong space and, now that he had been informed of that fact, he was going to be moving his bus in just a few minutes.

        e.     Mr. Duarte alleges that the other bus driver stated or acted like he wanted to fight Mr. Duarte; that the other driver was the one who injected the issue of fighting into the conversation.

    17.    Understanding the full context of the communications between Mr. Duarte and the other drive (and the second driver) on the day in question at the bus stop makes Mr. Duarte's words and actions understandable.

18.    Several days later, UTA terminated Mr. Duarte's employment.  On information and belief, Mr. Duarte alleges UTA did not terminate the employment of the other bus driver who had acted inappropriately and provoked Mr. Duarte.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### UTA SUBJECTED MR. DUARTE TO DISCRIMINATION BASED ON HIS RACE, COLOR, NATIONAL ORIGIN, AND DISABILITY

19.    Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through ___ above as if alleged in full herein.

20.    To state a prima facie case of discrimination based on race, color, national origin, and disability, Plaintiff alleges facts which establish, or tend to establish, that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) UTA took adverse employment action against him; and (4) the circumstances surrounding the adverse action support the drawing of an inference of discrimination — namely, that the employer took adverse action against the employee because of his protected traits.  *See, generally, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

21.    Mr. Duarte alleges that he is of the Hispanic race (partially), brownish in color, and from Guatamala in Central America.

22.     Plaintiff alleges he is a person with impairments of anxiety and depression which substantially limit several of his major life activities, including controlling his emotions and moods, sleeping, interacting with others and working.

23.     Mr. Duarte alleges he was qualified for the position he held.

24.     Mr. Duarte alleges that, in January 2024, Defendant terminated his employment.

25.     Mr. Duarte's allegations satisfy the first three elements of his prima facie case.

26.     The fourth element requires that Plaintiff alleges facts which support the drawing of an inference of discrimination.  Potential circumstances that support the drawing of an inference of discrimination include evidence that the employer treated one or more similarly situated employees better than it treated Plaintiff, *see International Union v. Johnson Controls, Inc.,* 499 U.S. 187, 200 (1991).

27.     Mr. Duarte alleges that, during the incident on December 26, 2023 described above, the other bus driver, who is Caucasian, white and presumably from the United States originally and not a person with a disability, and who was similarly situated during this incident at Mr. Duarte's bus, provoked him, yet UTA did not terminate that employee's employment, but did terminate Mr. Duarte's employment.

Thus, he alleges that the UTA employee who caused the situation to occur in the first place did not get disciplined or fired, but UTA terminated Mr. Duarte's employment.

28.     Mr. Duarte alleges such disparate treatment supports the drawing of an inference of discrimination on the basis of race, color, and national origin and disability.

29.     Thus, Mr. Duarte alleges that UTA took adverse action against him because of his protected classes.

30.     Mr. Duarte's allegations present sufficient evidence to support the drawing of an inference that some or all of his protected classes actually motivated Defendant's actions.

31.     As such, Mr. Duarte's allegations satisfy the fourth element of his prima facie case.

32.     As such, Mr. Duarte's allegations state a prima facie case of discrimination.

33.     Mr. Duarte alleges UTA's actions and inactions have caused him various losses, injuries and other damages, including lost wages, lost benefits, financial stress, emotional and mental distress, and damage to his employability.

**SECOND CAUSE OF ACTION**
**DEFENDANT FAILED TO ACCOMMODATE PLAINTIFF'S DISABILITY**
**AND DISCRIMINATED AGAINST MR. DUARTE**
**BECAUSE OF HIS DISABILITY**

34.    Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 33 above as if alleged in full herein.

35.    To state a prima facie case of discrimination based on disability, Mr. Duarte alleges facts which establish, or tend to establish, that: (1) he has a disability, as defined by the Act; (2) he was "otherwise qualified" to do the job he held or desired; (3) he needed and/or requested a plausibly reasonable accommodation; and (4) Defendant refused, declined or failed to accommodate his disability. *See, generally, Aubrey v. Koppes,* 975 F.3d 995, 1005 (10th Cir. 2020).

36.    Mr. Duarte alleges he has impairments, including anxiety, panic attacks, depression and high blood pressure, and that such impairments substantially limit some of his major life activities, including regulating his emotions and moods, sleeping, interacting with others, and working.

37.    Mr. Duarte alleges he was qualified to perform the essential tasks and functions of the job he held or desired.

38.    Mr. Duarte alleges that, in late 2023 (September 2023 or October 2023), he requested an accommodation when he requested intermittent leave.

39.    Mr. Duarte alleges that UTA denied his request, thereby failing to accommodate his disability, *see Aubrey v. Koppes,* 975 F.3d at 1005.  "[O]nce an employee makes an adequate request for an accommodation, thereby putting the

employer on notice, an employer's failure to offer a reasonable accommodation to an otherwise qualified disabled employee is unlawful discrimination." *Exby-Stolley v. Board of County Commissioners,* 906 F.3d 900, 905 (10th Cir. 2018).

40.    Mr. Duarte alleges that his request for intermittent leave was a reasonable request for an accommodation, but that UTA refused, declined or failed to accommodate his disability.

41.    As such, Mr. Duarte's allegations satisfy the fourth element of his prima facie case.

42.    As such, Mr. Duarte's allegations state a prima facie case of discrimination on the basis of a disability.

43.    Mr. Duarte alleges UTA's actions and inactions have caused him various losses, injuries and other damages, including lost wages, lost benefits, financial stress, emotional and mental distress, and damage to his employability.

### THIRD CAUSE OF ACTION
### DEFENDANT RETALIATED AGAINST MR. DUARTE

44.    Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 43 above as if alleged in full herein.

45.    To state a prima facie case of retaliation, Mr. Duarte alleges facts which establish, or tend to establish, that: (1) he engaged in protected activity; (2) that, after he started engaging in protected activity, UTA took adverse action against him

11

and a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection existed between the protected activity and the materially adverse action. *See, generally, Argo v. Blue Cross and Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006).

46.    Mr. Duarte alleges that, in September or October 2023, he engaged in a protected activity when he requested a reasonable accommodation for his disabilities.

47.    Mr. Duarte alleges that, in response to his request, UTA refused, declined or failed to accommodate his disability and, soon thereafter, terminated his employment.

48.    Mr. Duarte alleges UTA subjected him to a materially adverse action on January 9, 2024, when it terminated his employment.

49.    Mr. Duarte alleges that certain facts support the drawing of an inference of a causal connection between his protected activity and UTA's adverse action against him.  Plaintiff alleges the facts which support the drawing of an inference of causal connection include motive — namely, its animus towards him, as manifested by its denial of his request for reasonable accommodation — and temporal proximity — namely, that a relatively short period of time elapsed from when he last requested a reasonable accommodation and when UTA fired him.

12

*Pretext*

50.     As such, Mr. Duarte's allegations state prima facie case of retaliation.

51.     Assuming Mr. Duarte establishes a prima facie case of [retaliation], the burden then appropriately shifts to UTA to rebut the inference that its motives and actions were discriminatory or retaliatory by articulating that the discharge was for a legitimate, non-retaliatory reason." *Adair v. City of Muskogee,* 823 F.3d 1297, 1314 (10th Cir. 2016).

52.     Mr. Duarte assumes that UTA will assert that it terminated Mr. Duarte's employment because, on December 26, 2023, he threatened another employee and because, during an investigation into the allegations against him, he became aggressive.  Assuming that UTA articulates such a reason for its actions, it will satisfy its burden.

53.     Mr. Duarte alleges that Defendant's expected reasons for subjecting him to a materially adverse action are a pretext for discrimination and retaliation and are false and not worthy of credence because (a) the reason for the termination is false in that he was provoked by another employee's threatening comments, gestures and actions into reciprocating; (b) shortly after he engaged in a protected activity, UTA subjected him to a materially adverse action; and (c) its

13

investigation into the incident on December 26, 2023 lacked good faith in that, with respect to Mr. Duarte's allegedly inappropriate behavior during the investigative meeting, Mr. Duarte had explained that he was upset and speaking loudly because it didn't seem to him like the investigators were listening to him with open minds and really trying to see his point of view.

54.     Mr. Duarte alleges UTA's actions and inactions have caused him various losses, including lost wages, lost benefits, financial stress, emotional and mental distress, and damage to his employability.

## FOURTH CAUSE OF ACTION
## FMLA—INTERFERENCE

55.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 54 above.

56.     The FMLA, 29 U.S.C. §2612 (a) (1), provides:

[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period...  (D)

57.     At all times relevant hereto, as set forth above, Mr. Duarte was suffering from various serious health conditions.

58.     As a result, in late 2023, Mr. Duarte needed to, and did attempt to request FMLA leave for his serious health conditions which complied with 29 U.S.C. § 2613 (a) and (b).  He alleges that UTA, by engaging in the actions and inactions set

forth above, interfered with Mr. Duarte's rights under the FMLA to request and use such FMLA leave.

59.    As set forth above, UTA's interference with Mr. Duarte's right and entitlement to apply for and use FMLA leave, eventually caused UTA to discipline him and to eventually terminate his employment.  But for UTA's willful violations, he would have been able to apply for and use FMLA leave without penalty and would likely have not lost his employment with UTA.

60.    Thus, Mr. Duarte alleges that, by engaging in the actions and inactions set forth above, UTA violated the non-interference provisions and protections of the FMLA.

61.    As set forth above, Mr. Duarte alleges that such violations were willful violations in that UTA is a large, sophisticated employer with policies relating to an employee's freedom and right to apply for and use FMLA leave in accordance with the law and UTA's policies.

62.    Mr. Duarte alleges such violations have caused Mr. Duarte losses, injuries and other damages, including the loss of his employment with UTA and the accompanying loss of wages, benefits and other privileges of such employment.

63.    Mr. Duarte alleges such violations have also caused Mr. Duarte physical, emotional and psychological distress.

64.     Mr. Duarte alleges that, pursuant to 29 U.S.C. § 2617, Mr. Duarte may hold UTA liable for all wages, wage increases and benefits, and other damages, to which he would have been entitled but for UTA's violation of the FMLA, prejudgment interest on those losses, and an additional amount as liquidated damages in an amount equal to the value of the non-liquidated damages (Mr. Duarte alleging that such violations were willful) plus prejudgment interest thereon, reasonable attorney's fees, filing fees, reasonable expert witness fees and any other costs of this action, and for such other and further legal and equitable relief as this Court deems appropriate.

### FIFTH CAUSE OF ACTION
### FMLA — RETALIATION

65.     Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 64 above as if alleged in full herein.

66.     The FMLA, 29 U.S.C. § 2612, protects employees who use FMLA from retaliation.

67.     At all times relevant hereto, Mr. Duarte was suffering from various serious health conditions.

68.     Mr. Duarte needed to, and did use FMLA leave for his serious health conditions, in a manner which complied with 29 U.S.C. § 2613 (a) and (b), and by so doing, engaged in protected activity.

16

69. Mr. Duarte alleges that UTA, by engaging in the actions and inactions set forth above, retaliated against Plaintiff for requesting and using such FMLA leave.

70. As set forth above, UTA's retaliation against Mr. Duarte for requesting and using FMLA leave, eventually caused UTA to terminate his employment. But for UTA's willful violations, he would likely have not lost his employment with UTA.

71. Thus, Mr. Duarte alleges that, by engaging in the actions and inactions set forth above, UTA violated the non-retaliation provisions and protections of the FMLA.

72. As set forth above, Mr. Duarte alleges that such violations were willful violations.

73. Mr. Duarte alleges such violations has caused Mr. Duarte's losses, injuries and other damages, including the loss of his employment with UTA and the accompanying loss of wages, benefits, and other privileges of such employment.

74. Mr. Duarte alleges such violations have also caused Mr. Duarte physical, emotional and psychological distress.

75. Mr. Duarte alleges that, pursuant to 29 U.S.C. § 2617, Plaintiff may hold UTA liable for all wages, wage increases and benefits, and other damages, to

17

which he would have been entitled but for UTA's violation of the FMLA, prejudgment interest on those losses, and an additional amount as liquidated damages in an amount equal to the value of the non-liquidated damages (Plaintiff alleging that such violations were willful), plus prejudgment interest thereon, reasonable attorney's fees, filing fees, reasonable expert witness fees, and any other costs of this action, and for such other and further legal and equitable relief as this Court deems appropriate.

## IV.  DAMAGES

76.    Mr. Duarte alleges UTA's actions and inactions have caused him various losses, injuries and other damages, including lost wages, lost benefits, financial stress, emotional and mental distress and damage to his employability.

## V.  RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment:

1.    Declaring that UTA discriminated against Mr. Duarte on the basis of his race, color, national origin and disability, and retaliated against him, in violation of the Title VII of the Civil Rights Act, the ADA, and/or the VRA;

2.    Awarding Mr. Duarte "make whole" relief, including awarding Mr. Duarte the lost wage and lost benefit differential from the time

18

UTA terminated Mr. Duarte's employment until Mr. Duarte

secures comparable employment, or for a period of five years,

whichever occurs first;

3.     Awarding Mr. Duarte his reasonable attorney's fees and costs;

4.     Awarding Mr. Duarte such other relief as may be just and

equitable.

DATED this 17th day of October, 2025.


_/s/ David J. Holdsworth_
David J.  Holdsworth
*Attorney for Plaintiff*

## VERIFICATION

Juan F. Duarte, being first duly sworn, upon his oath, deposes and says that he is the Plaintiff in the above-entitled action, that he helped prepare and has read the foregoing COMPLAINT and understands the contents thereof, and the statements made therein are true to the best of his knowledge and recollection.


_____

Juan F. Duarte


SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of _____, 20___.


_____

NOTARY PUBLIC

MY COMMISSION EXPIRES:          RESIDING AT: _____

_____